UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-327-MOC-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **JERRY MIKEL HOLLOMAN,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (#32). Defendant, a 67-year-old, obese white male who suffers from Chronic Obstructive Pulmonary Disease (COPD) and Type 2 diabetes mellitus, seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I.     **BACKGROUND**

Defendant is serving a sentence of 78 months of imprisonment and a lifetime of supervised release, after pleading guilty in this Court to Attempted Receipt of Child Pornography. Defendant is currently incarcerated at FCI Butner Medium II, and he has served approximately 28 months, or only 36%, of his total sentence. With good conduct, his projected release date is January 11, 2024. During his time in FCI Butner Medium II, he has not had any disciplinary issues.

Before Defendant committed the child exploitation crime that gave rise to the sentence from which he now seeks relief, he had already received multiple convictions in state court for

-1-

serious offenses, including, but not limited to: assault on a female, misdemeanor death by vehicle, reckless driving ATF/ALC, robbery with a dangerous weapon, felony escape from state prison, driving while impaired, and habitual driving while impaired. (Doc. No. 18 at 7-10: PSR). Defendant's criminal history and periods of imprisonment spanned approximately three decades.

In June 2017, an FBI agent discovered that Defendant placed in the "Casual Encounters, Eastern NC" section on Craigslist on May 1, 2017, an advertisement stating:

> Mother & Daughter…..m4w (Tarboro, N.C.). Looking for a Mom & Daughter that plays together (taboo) style…all is very private, and no one will know what we do…age is open depending on you both…Be real and send picture of you and your Daughter in your reply…looking for taboo incest of Mom & Daughter that would like a man to join them.. Age is up to you to decide…VERY PRIVATE…this can be you BFF or any one you choise [sic]…or just YOU….

(Id. at 4). The ad contained five images, including a computer-generated image of a female who appeared to be under the age of 12, naked and lying on a couch, while a computer-generated adult male engaged in oral sex with her, and a computer-generated image of a child who appears to be under the age of 12 engaged in oral sex on a computer-generated adult male. Id.

The FBI agent, pretending to be a mother, sent a message to Defendant, indicating that she was looking for someone to assist her 14-year-old daughter, who was interested in sex. Defendant replied on the same day that he would "love to be the man to teach her all about sex." Defendant and the "mother" discussed plans to meet so Defendant could engage in sexual acts with the minor. Defendant also exchanged messages with someone he believed to be a 14-year-old girl. When speaking to the "girl," Defendant described the various sex acts he would do with her when they met. During these conversations, Defendant repeatedly asked both the "mother" and "daughter" for pictures of the minor's genitals. (Id.).

-2-

On August 23, 2017, Defendant attempted to meet the minor in person. When he showed up at the designated location, he was arrested, and condoms were found in his pocket. Defendant was interviewed and admitted that he had been willing to engage in sex with the "minor" if she was willing. Defendant's laptop was seized as part of the investigation. A forensic examination of Defendant's laptop located 33 images of child pornography. The images included adult males engaging in sexual acts with females under the age of 12. (Id. at 4-5).

Defendant was initially charged with one count of Attempted Coercion and Enticement of a Minor to Engage in Any Sexual Activities by Use of a Facility and Means of Interstate and Foreign Commerce, in violation of 18 U.S.C. § 2422(b). See United States v. Jerry Mikel Holloman, 3:17CR321-MOC. Defendant ultimately pled guilty to Attempted Receipt of Child Pornography. (Doc. No. 2, p. 1: Plea Agreement). Pursuant to that plea, the attempted enticement charge was dismissed. (Id.). On August 28, 2019, this Court sentenced Defendant to 78 months of imprisonment and a lifetime of supervised release. (Doc. No. 31: Amended Judgment).

Before being in custody, Defendant had several medical conditions, as documented in his Presentence Report. (Doc. No. 18, p. 13-14). While serving his sentence, his medical conditions have been treated. Notably, Defendant has COPD and Type 2 diabetes mellitus, and he is obese. Regardless, his current medical situation is well controlled and there is no indication he is unable to provide self-care in the facility. Currently, no inmates and no staff members at FCI Butner Medium II have tested positive for COVID-19. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited November 12, 2020). Twelve inmates and two staff members have recovered from COVID-19 and there have been no deaths as a result of

COVID-19 at Defendant's facility.

On June 19, 2020, Defendant filed a request with the warden at FCI Butner Medium II to be considered for compassionate release. On June 25, 2020, the warden denied his request. On October 14, 2020, Defendant filed the pending motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that his medical conditions put him at risk of developing severe or deadly symptoms from COVID-19, and that he believes he is more likely to contract COVID-19 in prison. (Doc. No. 32). The Government has responded and opposes early release. (Doc. No. 34).

## II.   DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

-4-

3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Defendant's request for a sentence reduction will be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

under the § 3553(a) factors. First, his medical ailments are well-controlled and do not present any impediment to his ability to provide self-care in the institution. The Government acknowledges in its response that Defendant has risk factors—COPD, Type 2 diabetes mellitus, and obesity—identified by the CDC as heightening the risk of severe injury or death were Defendant to contract COVID-19. The Government agrees that these chronic conditions present "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," as stated in § 1B1.13, cmt. n.1(A)(ii), in Defendant's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished, within the environment of a correctional facility, by the chronic condition itself. Under the applicable policy statement, however, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Court will deny a sentence reduction because Defendant would pose a danger to public safety if released. Defendant's criminal history and his offense conduct demonstrate that Defendant remains "a danger to the safety of any other person" and "to the community." Id. In addition to his older criminal history—robbery with a dangerous weapon, numerous driving while impaired convictions, and felony escape—at the age of 65, Defendant placed an ad, seeking a "taboo" encounter with a mother and daughter, and he pursued that with a person whom he believed was a 14-year-old girl. He requested pornographic pictures of the minor and then showed up to meet her with condoms in his pocket. Given the serious nature of Defendant's

attempted crimes, the community will only be protected by ensuring that Defendant remains in prison. Furthermore, with regard to dangerousness, § 1B1.13(3) directs the court to consider the various Bail Reform Act factors that are enumerated in 18 U.S.C. § 3142(g), including whether the offense is a crime of violence and involves a minor victim. Defendant's offense of conviction did involve a minor and is a crime of violence per 18 U.S.C. § 3156.

Also relevant to the issue of dangerousness is that, while Defendant has been incarcerated, there is no evidence that he has been enrolled in or requested sex offender treatment. Defendant's age and medical conditions also do not mitigate his dangerousness. Defendant was 65 years old when he attempted to get a child to send him pornographic pictures of herself, and he then tried to meet her. When arrested, he told the agents he was willing to engage in sexual intercourse with a 14-year-old. He had numerous medical conditions at the time he committed the crime; thus, none of his current conditions would apparently prevent him from finding and attempting to receive child pornography online or chatting with minors.

In addition, the § 3553(a) factors strongly disfavor a sentence reduction. The sentencing factors direct the Court to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, protect the public from future crimes of the defendant, and provide just punishment. Further, the Court is directed to consider the history and characteristics of defendant and the need for the sentence to afford adequate deterrence to criminal conduct. These factors weigh against any reduction in Defendant's sentence. As the Court has already discussed, Defendant's crime was heinous. Moreover, the Court carefully considered Defendant's history and characteristics a little over a year ago when it imposed a sentence in August 2019. Defendant brought his current health conditions and age to this

-7-

Case 3:18-cr-00327-MOC-DCK   Document 37   Filed 11/23/20   Page 7 of 8

Court's attention at that time. See (Doc. No. 24; Doc. No. 20, p. 13). The Court weighed those factors and still found 78 months to be a just sentence. Furthermore, Defendant has only served 28 months, less than half of the mandatory minimum sentence for his conviction and only a third of the imposed sentence. In sum, the Court's original sentence of 78 months appropriately reflects Defendant's history and characteristics, the nature and circumstances of the offense, the need to protect the public, and all the other sentencing factors.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (#32), is **DENIED**.

Signed: November 23, 2020

Max O. Cogburn Jr
United States District Judge