UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-327-MOC-DCK-13

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JERRY MIKEL HOLLOMAN,** | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion for reconsideration of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of an alleged change of circumstances. (Doc. No. 39).

## I. BACKGROUND

Defendant previously filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that his medical conditions put him at risk of developing severe or deadly symptoms from COVID-19, and that he believes that he is more likely to contract COVID-19 in prison. (Doc. No. 32). The Government opposed that motion. (Doc. No. 34). The Court denied Defendant's Motion. (Doc. No. 37).

Defendant then filed a second motion seeking compassionate release. (Doc. No. 39). He seeks early release from prison due to an increase in COVID-19 cases at his facility. The Government opposed the motion, both because Defendant failed to exhaust his administrative remedies before filing his second motion, and the statutory sentencing factors in 18 U.S.C. § 3553(a) still weigh against release. The Court denied the motion without prejudice to refile once Defendant had exhausted his administrative remedies. (Doc. No. 42).

Defendant then filed an addendum to his second motion, providing that he had submitted his request to the Warden and that it was denied. (Doc. No. 44). The Court ordered the Government to file a response and notify the Court whether it agrees that Defendant had exhausted his administrative remedies. The Government has filed its response, agreeing that Defendant has exhausted his administrative remedies with regards to his second request for compassionate release, and therefore, this Court may rule on the motion on the merits.

## II. DISCUSSION

The background of this case is already discussed in the Court's prior Order denying Defendant's motion for compassionate release, and the Court will not repeat it here. In the government's prior response, the Government agreed that Defendant's medical condition could provide an extraordinary and compelling reason for a reduction in his sentence. The Government argued, however, that this Court should again deny Defendant's motion because the statutory sentencing factors weigh against release. (Doc. No. 41).

The Government notes that, since that response was filed, there has been a significant change to Defendant's medical condition. That is, Defendant has now been vaccinated against COVID-19. The Government argues, and the Court agrees that, because Defendant has now been vaccinated, he therefore no longer presents an extraordinary and compelling reason permitting relief. Specially, on April 20, 2021, BOP administered to Defendant both doses of the COVID-19 vaccine produced by Pfizer. (Doc. No. 46-1, Govt Ex. 1). The Pfizer vaccine was approved by the FDA for emergency use based on its conclusion that, in extensive testing, the vaccine was 95% effective in preventing COVID-19 infection, including in participants with medical comorbidities associated with high risk of severe COVID-19 disease. See FDA Decision Memorandum, Pfizer—Dec. 11, 2020, https://www.fda.gov/media/144416/download.

Various studies continue to confirm the efficacy of the vaccines. The Court, therefore, denies Defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of an alleged change of circumstances, (Doc. No. 39), is **DENIED**.

Signed: July 14, 2021

Max O. Cogburn Jr
United States District Judge